The document below is hereby signed.

Signed: December 23, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

          UNITED STATES BANKRUPTCY COURT
           FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
VONSAULI S. SMITH,              )   Case No. 10-01115
                                )   (Chapter 7)
          Debtor.               )   **Not for Publication in**
                                )   **West's Bankruptcy Reporter**

       MEMORANDUM DECISION AND ORDER DENYING MOTION TO
       VACATE MINUTE ORDER OR TO QUASH RULE 2004 SUBPOENA

     On December 6, 2010, the court issued a minute order giving

the United States Trustee notice of a petition preparer's

possible involvement in the filing of this case, and authorizing

a Rule 2004 examination of Rita Butler.  The United States

Trustee subsequently filed a notice reflecting that a Rule 2004

examination of Ms. Butler is scheduled for Wednesday, January 12,

2011, at 10:00 a.m.

     Ms. Butler has now filed: (1) Official Form 19, Declaration

and Signature of Non-Attorney Bankruptcy Petition Preparer (Dkt.

No. 28);[1] (2) Official Form 280, Disclosure of Compensation of Bankruptcy Petition Preparer, reflecting that she did not receive compensation for any services performed in connection with this case; and (3) a "Motion on Minute Order" asking that she be excused from the requirement to submit to a Rule 2004 examination. The court will treat Ms. Butler's motion as a motion to either vacate the court's minute order or to quash the United States Trustee's Rule 2004 subpoena, and the court will deny that motion for the following reasons.

First, Ms. Butler has not shown cause for vacating the court's minute order. In her motion, Ms. Butler describes her limited role in the filing of this case, indicates that she cured any deficiency by filing missing disclosure forms, contends that she has done nothing wrong, and explains that the debtors whom she has assisted have no complaints. The court, however, issued its minute order not because it was certain Ms. Butler had engaged in misconduct; rather, it appeared that Ms. Butler, a known petition preparer, had assisted the debtor in the filing of this case, had made no disclosure in that regard, and that her possible involvement warranted further investigation. This court

---

[1] In reviewing Ms. Butler's Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer (Dkt. No. 28), and comparing that document with the voluntary petition, it has come to the court's attention that the signature of the debtor appearing on page 2 of the Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer may not be authentic.

typically defers to the United States Trustee when it appears a petition preparer's involvement in a case warrants further investigation, and notwithstanding Ms. Butler's filing, the court continues to believe that the task of investigating Ms. Butler's conduct is better left to the United States Trustee.  Ms. Butler is, of course, free to explain her position to the United States Trustee, but the court will leave it to the United States Trustee's discretion to determine whether further inquiry into Ms. Butler's conduct is warranted.  Accordingly, the court will not vacate its order authorizing the Rule 2004 examination of Ms. Butler.

    Likewise, Ms. Butler has not shown grounds for quashing the United States Trustee's Rule 2004 subpoena.  As a preliminary matter, the court notes that the proposed examination, authorized by the court, falls within the permissible scope of a Rule 2004 examination.  Ms. Butler states in her motion that she is not the debtor.  Rule 2004 examinations, however, are not limited to debtors.  Rule 2004 authorizes, among other things, the examination of an entity relating to "any matter which may affect the administration of the debtor's estate . . . ."  Rule 2004(b). Ms. Butler is an entity whose assistance in the filing of this case may affect the administration of the estate, and the examination of Ms. Butler called for under the United States Trustee's subpoena thus falls within the permissible scope of a

Rule 2004 examination.

An entity may, however, seek to quash or modify an otherwise permissible Rule 2004 subpoena pursuant to Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016.  For example, a party may be entitled to a protective order if the subpoena imposes an undue burden or expense on a person subject to the subpoena.  *See* Fed. R. Civ. P. 45(c).  Furthermore, a court may quash or modify a subpoena if the subpoena does not allow a reasonable time to comply, requires a person to travel more than 100 miles, requires the disclosure of privileged or other protected matter, requires the disclosure of trade secrets, requires the disclosure of an unretained expert's opinion or certain results from an expert's study, or requires a non-party to incur substantial expense to travel more than 100 miles to attend trial.  *See* Fed. R. Civ. P. 45(c).  Rather than objecting to the subpoena as unduly burdensome or as seeking information that is privileged or otherwise protected, Ms. Butler's position is essentially that she has done nothing wrong, and that the examination should therefore not go forward.  The arguments raised in Ms. Butler's motion may suggest that the Rule 2004 examination will not uncover any wrongdoing on Ms. Butler's part, but Ms. Butler has not shown grounds for quashing or modifying the subpoena under either Rule 2004 or Fed. R. Civ. P. 45.  It is thus

ORDERED that Rita Butler's Motion to Vacate Minute Order or

Quash Rule 2004 Subpoena (Dkt. No. 27) is DENIED.

				[Signed and dated above.]

Copies to: Rita Butler; Debtor; Chapter 7 Trustee; Office of United States Trustee.